IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

Seventh Cir. No. 25-2231

**Nikko D'Ambrosio,**
Plaintiff–Appellant,

v.

**Abbigail Rajala; Carol Rajala; Rodney Rajala; Paola Sanchez; Blake Millbrand; Meta Platforms, Inc.; Spill The Tea, Inc.; and Jane Does 1–26,**
Defendants–Appellees.

*Appeal from the United States District Court for the Northern District of Illinois, Eastern Division*
Case No. 1:24-cv-00678 — Hon. Sunil R. Harjani, District Judge.

**SEVENTH CIRCUIT RULE 39(c) DOCKETING STATEMENT**

(Seventh Cir. R. 3(c))

Pursuant to Seventh Circuit Rule 3(c), Plaintiff Bureau of Consumer Financial Protection (Bureau) submits this docketing statement along with its Notice of Appeal.

**1. Basis for District Court Jurisdiction**

The district court exercised subject-matter jurisdiction under 28 U.S.C. § 1332(a). Plaintiff–Appellant Nikko D'Ambrosio was a citizen of Illinois at the time the complaint was filed. Defendants–Appellees Abbigail Rajala, Carol Rajala, and Rodney Rajala were citizens of Michigan. Defendant–Appellee Paola Sanchez was a citizen of California, as was Defendant–Appellee Blake Millbrand. Defendant–Appellee Meta Platforms, Inc. was incorporated in

Delaware and had its principal place of business in Menlo Park, California. Defendant–Appellee Spill The Tea, Inc. was incorporated in Delaware and had its principal place of business in Lewes, Delaware. The Jane Doe defendants were never served or were dismissed and are therefore not parties to this appeal; their citizenship does not affect jurisdiction. Complete diversity existed at the time of filing and through entry of final judgment, and the amount in controversy exceeded $75,000. Venue was proper in the Northern District of Illinois under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in that District.

**2. Basis for Appellate Jurisdiction**

This Court has jurisdiction under 28 U.S.C. § 1291. On May 13, 2025, the district court entered a final judgment dismissing the Second Amended Complaint with prejudice, disposing of all claims and all parties. On June 10, 2025, the district court granted Appellant's timely motion under Fed. R. App. P. 4(a)(5), extending the deadline to file a notice of appeal. Appellant filed the Notice of Appeal on July 11, 2025. The appeal is therefore timely under Fed. R. App. P. 4(a)(1)(A) and 4(a)(5)(C).

**3. Prior or Related Appellate Proceedings**

No prior appeals or related appellate proceedings are pending in this Court or in any other court.

**4. Parties and Attorneys**

The Plaintiff–Appellant is Nikko D'Ambrosio. He is represented on appeal by Aaron Walner of the Trent Law Firm, AON Business Center, 200 East Randolph Street, Suite 5100,

Chicago, Illinois 60601, telephone (630) 682-3100, service@trentlawfirm.com, and awalner@trentlawfirm.com.

The Defendants–Appellees are as follows: Abbigail Rajala, Carol Rajala, and Rodney Rajala, all citizens of Michigan; Paola Sanchez and Blake Millbrand, both citizens of California; Meta Platforms, Inc., a corporation incorporated in Delaware with its principal place of business in Menlo Park, California; and Spill The Tea, Inc., a corporation incorporated in Delaware with its principal place of business in Lewes, Delaware. Jane Does 1–26 were never served or were dismissed and are not parties to this appeal. All Defendants–Appellees identified in the caption are parties to this appeal.

**5. Concise Description of the Rulings to Be Reviewed**

The district court granted Defendants' motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure and dismissed the Second Amended Complaint with prejudice. The Court held that the challenged statements were not actionable or not "of and concerning" Appellant, that the complaint failed to plead the "commercial purpose" element required by the Illinois Right of Publicity Act, that the complaint did not allege "personally identifiable information" within the meaning of the Illinois Civil Liability for Doxing Act, and that further amendment would be futile.

**6. Issues Appellant Anticipates**

The issues Appellant anticipates raising include whether the district court erred in applying the innocent-construction rule and opinion doctrine to dismiss the defamation counts at the pleading stage; whether the district court misapplied the "commercial purpose" element of

the Illinois Right of Publicity Act to Appellant's identity-use allegations; whether the district court construed the Illinois Civil Liability for Doxing Act too narrowly in concluding that the complaint did not allege publication of "personally identifiable information"; and whether dismissal with prejudice was an abuse of discretion where Appellant sought leave to amend.

7. Relief Sought

Appellant respectfully requests that this Court reverse the judgment of the district court and remand the case for further proceedings on all claims.

8. Additional Requirement of Circuit Rule 3(c)(1)

This case does not involve a criminal conviction or a collateral attack on a criminal conviction, nor is there any prior relevant litigation in the district court that satisfies the criteria of 28 U.S.C. § 1915(g).

Respectfully submitted,


/S/ Aaron Walner_____

Aaron Walner
Trent Law Firm
ARDC NO. 6284207
AON Business Center
200 East Randolph Street
Suite 5100
Chicago, IL 60601
(630) 682-3100
service@trentlawfirm.com
awalner@trentlawfirm.com


Nikko D'Ambrosio
Plaintiff–Appellant

## Certificate of Service

I, Aaron Walner , an attorney, certify that I served the foregoing Docketing Statement on all counsel of record by filing it electronically on August 25, 2025. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system. I further certify that as of August 25, 2025, there are no nonregistered participants upon whom service by

U.S. Mail is required.

/s/ Aaron Walner_____