No. 25-2231

# In the United States Court of Appeals for the Seventh Circuit

NIKKO D'AMBROSIO,

*Plaintiff-Appellant,*

V.

ABBIGAIL RAJALA, CAROL RAJALA, RODNEY RAJALA, PAOLA SANCHEZ, BLAKE MILLBRAND, META PLATFORMS, INC., SPILL THE TEA, INC.

*Defendants-Appellees.*

On Appeal from the United States District Court for the
Northern District of Illinois, Case No. 1:24-cv-678
The Honorable Sunil R. Harjani

**DEFENDANT-APPELLEE META PLATFORMS, INC.'S
DOCKETING STATEMENT PURSUANT TO
SEVENTH CIRCUIT RULE 3(c)(1)**

Gary Feinerman
  *Counsel of Record*
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-7700
gary.feinerman@lw.com

*Counsel for Defendant-Appellee
Meta Platforms, Inc.*

Defendant-Appellee Meta Platforms, Inc. ("Meta") respectfully submits this docketing statement pursuant to Circuit Rule 3(c)(1), which requires an appellee to file a "complete" docketing statement if the appellant's docketing statement "is not complete and correct."

1. Plaintiff-Appellant Nikko D'Ambrosio appeals the District Court's May 13, 2025 order dismissing this suit with prejudice. Dkt. 99. On June 9, Plaintiff moved for an extension of time to appeal or respond to the May 13 order. Dkt. 101. On June 10, the District Court granted the motion, extending to July 11, 2025, Plaintiff's time for filing a notice of appeal. Dkt. 102. Plaintiff timely filed his notice of appeal on July 11, 2025. Dkt. 103.

2. Plaintiff's Second Amended Complaint invoked the District Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Dkt. 53 at 4. Plaintiff further alleged that "the amount in controversy exceeds $75,000.00." *Id.*; *see also* ECF No. 13 at 2. "The plaintiff's allegations about the amount in controversy control unless the court concludes, 'to a legal certainty,' that 'the face of the pleadings' demonstrates 'that the plaintiff cannot recover' the jurisdictional minimum or that 'the proofs' show that 'the plaintiff never was entitled to recover that amount.'" *Sykes v. Cook Inc.*, 72 F.4th 195, 205 (7th Cir. 2023) (citation omitted).

3. Plaintiff asserts that the following additional prerequisites for diversity jurisdiction were met when this action began:

- Plaintiff Nikko D'Ambrosio was a citizen of Illinois;

1

- Defendant Meta Platforms, Inc. was incorporated in Delaware and had its principal place of business in California;

- Defendant Spill The Tea, Inc. was incorporated in Delaware and had its principal place of business in Delaware;

- Defendants Paola Sanchez and Blake Millbrand were citizens of California; and

- Defendants Abbigail Rajala, Carol Rajala, and Rodney Rajala were citizens of Michigan.

*See* ECF No. 13 at 1-2.

4. Now that this Court has dismissed the Jane Doe defendants, ECF No. 22—for whom Plaintiff provided no citizenship information, ECF No. 13 at 2—the parties are completely diverse according to Plaintiff's docketing statement and the jurisdictional requirements of 28 U.S.C. § 1332(a) are satisfied. *See, e.g.*, *Rao v. J.P. Morgan Chase Bank*, N.A., – F.4th –, 2025 WL 2462432, at *4 (7th Cir. Aug. 27, 2025) ("appellate courts can 'restore complete diversity, even when the case is on appeal and diversity was incomplete in the district court, by dropping a party whose presence is unnecessary to the proper resolution of the controversy'" (citation omitted)).

5. 28 U.S.C. § 1291 provides this Court with jurisdiction over this appeal, which is from a final judgment of the District Court. Dkt. 100.

Dated: September 17, 2025

Respectfully submitted,

*/s/ Gary Feinerman*
Gary Feinerman
  *Counsel of Record*
LATHAM & WATKINS LLP
330 North Wabash Avenue
Suite 2800
Chicago, IL 60611
(312) 876-7700
gary.feinerman@lw.com

*Counsel for Defendant-Appellee Meta Platforms, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2025, I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Seventh Circuit using the CM/ECF system, which constitutes service on all counsel of record, registered filing users, pursuant to Federal Rule of Appellate Procedure 25(c)(2) and Circuit Rule 25(a).

/s/ *Gary Feinerman*
Gary Feinerman