No. 25-2231

## United States Court of Appeals
### for the Seventh Circuit

Nikko D'Ambrosio,

    Plaintiff-Appellant,

v.

Abbigail Rajala, Carol Rajala, Rodney
Rajala, Paolo Sanchez, Blake Millbrand,
Meta Platforms, Inc., and Spill the Tea,
Inc.

    Defendant-Appellees.

---

**Appeal from the United States District Court
for the Northern District of Illinois
No. 1:24-cv-678 — Hon. Sunil R. Harjani**

---

Response Brief of Defendant-Appellees
Abbigail Rajala, Carol Rajala, and Rodney Rajala

---

Erin L. Sostock
James G. Vanzant
Blaine & Vanzant, LLP
922 Davis Street
Evanston, Illinois 60201
Tel.: (312) 788-7584
E-mail: els@blainevanzant.com
E-mail: jgv@blainevanzant.com

**Disclosure Statement**

Response Brief of the Rajala Appellees

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: __25-2231_____

Short Caption: _D' Ambrosio v. Meta Platforms, Inc. et al_____

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information.  The text of the statement must also be included in the front of the table of contents of the party's main brief.  **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

    ☐    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate  disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
_ABBIGAIL RAJALA, RODNEY RAJALA, CAROL RAJALA_____

_____

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
_BLAINE & VANZANT, LLP_____

_____

(3)    If the party, amicus or intervenor is a corporation:

    i)    Identify all its parent corporations, if any; and

        _____

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

        _____

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

_____

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

_____

Attorney's Signature: _/s/ James G. Vanzant_____ Date: _7/30/2025_____

Attorney's Printed Name: _James G. Vanzant_____

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    **Yes** ☑  **No** ☐

Address: _Blaine & Vanzant, LLP, 922 Davis Street, Evanston, IL 60201_____

_____

Phone Number: _312-788-7584_____ Fax Number: _N/A_____

E-Mail Address: _jgv@blainevanzant.com_____

rev. 12/19 AK

# Table of Contents

Disclosure Statement ..................................................................................i

Table of Contents ......................................................................................ii

Table of Authorities..................................................................................iii

Jurisdictional Statement ...........................................................................1

Issue Presented for Review........................................................................2

   Whether the district court correctly dismissed all of Nikko D'Ambrosio's claims against the Rajala defendants...................................................................2

Statement of the Case................................................................................3

Summary of Argument ..............................................................................4

Argument ..................................................................................................5

     1.   IRPA Misappropriation.............................................................5

     2.   Defamation ................................................................................7

     2.1.   The Rajala defendants cannot be responsible for statements made by a non-party that were not even about D'Ambrosio. .............................................7

     2.2.   D'Ambrosio's defamation claims fail because he failed to identify actionable false statements by Ms. Rajala. .......................................................8

     3.   False Light Invasion of Privacy & Civil Conspirac ................................10

     4.   Doxxing ......................................................................................11

     4.1.   Ms. Rajala did not publish "personally identifiable information." ...... 11

     4.2.   The complaint fails to plead Ms. Rajala's intent under the statute......13

     4.3.   D'Ambrosio did not suffer from Ms. Rajala's alleged publication. ......15

     5.   Unjust enrichment .....................................................................16

Conclusion ...............................................................................................17

Certificate of Compliance .........................................................................18

Certificate of Service................................................................................19

Circuit Rule 30(d) Statement.................................................................... 20

Short Appendix.........................................................................................21

## Table of Authorities

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..................................................................................11

*Bittman v. Fox*, 107 F. Supp. 3d 896 (N.D. Ill. 2015) ...........................................................10

*Collier v. Murphy*, 2003 WL 1606637 (N.D. Ill. Mar. 26, 2003) ...........................................7

*DeLuna v. Burciaga*, 857 N.E. 2d 229 (Ill. 2006) .................................................................13

*Gracia v. SigmaTron Int'l, Inc.*, 986 F.3d 1058 (7th Cir. 2021) ...........................................10

*Honaker v. Smith*, 256 F.3d 477 (7th Cir. 2001) ...................................................................16

*Huston v. Hearst Commc'ns Inc.*, 53 F. 4th 1097 (7th Cir. 2022) ..........................................6

*Law Offices of David Freydin, P.C. v. Chamara*, 24 F.4th 1122 (7th Cir. 2022) ...........8, 10, 11

*Lifton v. Bd. Of Educ of City of Chi.*, 416 F.3d 571 (7th Cir. 2005) ...................................10

*Love v. Simmons*, 2024 WL 809107 (N.D. Ill Feb. 27, 2024) .........................................7, 16

*Ludlow v. Northwestern Univ.*, 79 F. Supp. 3d 824 (N.D. Ill. 2015) ................................9, 11

*People v. Ashley*, 2020 IL 123989 ........................................................................................15

*People v. Relerford*, 2017 IL 121094 ....................................................................................15

*Pope v. Chron. Pub. Co.*, 95 F.3d 607 (7th Cir. 1996) ..........................................................10

*Schiavarelli v. CBS, Inc.*, 333 Ill. App. 3d 755 (1st Dist. 2002) ............................................11

*Schultz v. Aviall, Inc.*, 670 F.3d 834 (7th Cir. 2012) ..............................................................5

*Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730 (7th Cir. 2019) ......................................16

*White v. United States*, 8 F.4th 547 (7th Cir. 2021) ............................................................5, 8

**Statutes**

720 ILCS 5/12-7.3 ............................................................................................................14, 15

740 ILCS 14/10 .......................................................................................................................13

740 ILCS 195/10 .................................................................................................................13, 14

740 ILCS 195/5 ...........................................................................................................12, 13, 14, 16

740 ILCS 195/5, 10 ..................................................................................................................11

Response Brief of the Rajala Appellees

765 ILCS 1075/35 ................................................................................................7

765 ILCS 1075/5 .................................................................................................6

**Other**

Fed. R. App. P. 28 ............................................................................................5, 8

Response Brief of the Rajala Appellees

## Jurisdictional Statement

Plaintiff-Appellant Nikko D'Anbrosio's jurisdictional statement is not complete and correct. *See* Doc. 28.[1]

Defendant-appellants  Abbigail Rajala, Carol Rajala, and Rodney Rajala, collectively, "the Rajala defendants," adopt the jurisdictional statement of Defendant-Appellee Meta Platforms, Inc. *See* Doc. 31 at 1-2.

---

[1] The citations to the docket "Doc. _" refer to the filings in this court. Citations to "R. _" refer to documents filed in the district court.

## Issue Presented for Review

Whether the district court correctly dismissed all of Nikko D'Ambrosio's claims against the Rajala defendants.

## Statement of the Case

The Rajala appellee-defendants adopt and incorporate the statement of the case filed by appellee-defendant Meta Platforms, Inc. (Meta). Doc. 31 at 4-7.

## Summary of Argument

The district court properly held that Nikko D'Ambrosio's claims fail as a matter of law.  Moreover, here on appeal, D'Ambrosio appears to rely solely on a posting to Facebook that was authored by a non-party to this dispute as the statement underlying his defamation and false light claims. D'Ambrosio's claims must also fail where he seeks to hold the Rajala defendants responsible for statements that were not authored by Abbigail Rajala.

## Argument

**The district court correctly dismissed all D'Ambrosio's claims against the defendants.**

The district court correctly dismissed each of D'Ambrosio's allegations for failure to state a claim. This court reviews de novo a district court's grant of a motion to dismiss under Rule 12(b)(6). *Schultz v. Aviall, Inc.*, 670 F.3d 834, 836 (7th Cir. 2012).

The Rajala defendants hereby incorporate and adopt the arguments made by Defendant-Appellees Meta Platforms, Inc. and Spill the Tea, Inc, which also allege that D'Ambrosio's claims fail under state law. *See* Doc. 31 at I and Doc. 30. Below, the Rajala defendants include only arguments that are unique to them as defendants, or ones which are not presented in the other appellee briefs.

### 1.  IRPA Misappropriation

The district court dismissed D'Ambrosio's claim under the Illinois Right to Publicity Act (IRPA) because he failed to allege that his identity was being used for a commercial purpose, an essential component of the claim. R. 99 at 6-10. The Rajala defendants adopt and incorporate the arguments regarding IRPA in defendant Meta's appellee brief. *See* Doc. 31 at I.A.

D'Ambrosio's opening brief in the instant appeal makes no arguments that the Rajala defendants appropriated his image for a commercial purpose. *See* Doc. 19 at 4-6. Instead, the brief addresses only Meta and the Spill the Tea Defendants. A party that omits from its opening appellate brief any argument in support of its position waives or abandons that party's claim on appeal. *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021); *see also* Fed. R. App. P. 28(a)(8) (requiring that an appellant's brief contain the appellant's contentions and the reasons for them).

D'Ambrosio has offered no arguments that the Rajala defendants violated IRPA and has thus waived this claim.

Even if D'Ambrosio had not waived this claim as to the Rajala defendants, the IRPA claim fails as a matter of law because the complaint did not plausibly allege that Ms. Rajala posted D'Ambrosio's photograph on Facebook "for a commercial purpose." To state a claim for a violation of IRPA, D'Ambrosio must allege that Ms. Rajala misused his identity for "commercial purposes." *See Huston v. Hearst Commc'ns Inc.*, 53 F. 4th 1097, 1099 (7th Cir. 2022) (citing 765 ILCS 1075/30(a)). IRPA defines "commercial purpose" disjunctively as "the public use or holding out of an individual's identity (i) on or in connection with the offering for sale or sale of a product, merchandise, goods, or services; (ii) for purposes of advertising or promoting products, merchandise, goods, or services; or (iii) for the purpose of fundraising." *Id.* at 1100 (citing 765 ILCS 1075/5). D'Ambrosio does not allege that the Rajala defendants used his photograph for a commercial purpose. According to the Second Amended Complaint, Rajala published his image on Facebook "with the intent of causing [him] reputational harm." R. 53 ¶ 46.

As the district court correctly found, there was no allegation that Ms. Rajala sought or received any commercial benefit for posting the photo, and the complaint's Exhibits illustrate that Rajala posted the photo to warn other women that D'Ambrosio was a jerk. *See*, R. 53 at 45-53 (Ex. C); R. 99 at 9. D'Ambrosio did not allege that Rajala posted the photo in connection with the sale of any product or service, to advertise any product or service, or for fundraising. *See* 765 ILCS 1075/5 (definition of "commercial purpose"). Thus, he failed to plead that Ms. Rajala used his photo for a commercial purpose under IRPA.

Even more, the IRPA specifically exempts Ms. Rajala's alleged use of D'Ambrosio's photograph. Section 35(b)(1) of the statute exempts the "use of an

6

individual's identity" to "portray . . . that individual" in an "article" or "visual . . . work," provided that the work "does not constitute in and of itself a commercial advertisement for a product, merchandise, goods, or services." 765 ILCS 1075/35(b)(1). That is precisely how Ms. Rajala used D'Ambrosio's photograph here. According to the complaint, Ms. Rajala posted D'Ambrosio's photo in a visual work on Facebook to warn others of his behavior. *See* R. 53, ¶ 46 & Ex. C. Thus, on the face of the complaint, Ms. Rajala's post was not "in and of itself" a commercial advertisement and cannot form the basis of an IRPA violation. *See Love v. Simmons*, 2024 WL 809107, at *7-9 (N.D. Ill Feb. 27, 2024) (rejecting misappropriation claim involving use of plaintiff's identity in a music video and documentary); *Collier v. Murphy*, 2003 WL 1606637, at *2-3 (N.D. Ill. Mar. 26, 2003) (rejecting misappropriation claim involving use of plaintiff's identity in a documentary).

For all these reasons, the district court properly dismissed D'Ambrosio's IRPA claim.

## 2. Defamation

The Rajala defendants adopt and incorporate the arguments made in Meta's appellee brief, Doc. 31 at I.B. Therein, Meta argues that the district court correctly dismissed both the defamation per se and defamation per quod claims because (1) D'Ambrosio cannot show that the comments' "*only* reasonable reading" is "defamatory in nature" and (2) he failed to plead special damages. *See* Doc 31, I.B.

### 2.1. The Rajala defendants cannot be responsible for statements made by a non-party that were not even about D'Ambrosio.

On appeal, D'Ambrosio now singularly alleges that the defamatory content consisted of "seeing Plaintiff's name and image posted with commentary followed by a mugshot and sex abuse article [about a different individual]." *See* Doc. 19 at 8. According D'Ambrosio, when non-party Jane Doe 2 posted a mugshot and article of

7

sex offender Anthony LaMonica in the same "thread" as Ms. Rajala's post, this amounted to defamation per se because it imputed to D'Ambrosio the commission of a criminal offense. D'Ambrosio has waived or abandoned any other arguments on his defamation claim. *See White,* 8 F.4th at 552; Fed. R. App. P. 28(a)(8).

Even if D'Ambrosio could show that a post about another person was defamatory towards him, which he cannot, the Rajala defendants cannot be held legally responsible. It is undisputed that Ms. Abbigail Rajala did not post the article about Anthony LaMonica, it was posted by a non-party to this case.  Because Ms. Rajala did not post or re-post the alleged defamatory content, D'Ambrosio's claim against the Rajala defendants for defamation per se fails.

## 2.2.  D'Ambrosio's defamation claims fail because he failed to identify actionable false statements by Ms. Rajala.

Finally, should this Court wish go beyond the narrow argument made by D'Ambrosio on appeal, both defamation claims fail because the complaint does not identify the allegedly false statements on which they rely. To the extent that the complaint identifies *any* of Ms. Rajala's statements specifically, those statements are non- actionable statements of opinion.

Under Illinois law, a defamation claim must "present facts showing that the defendant made a false statement about the plaintiff." *Law Offices of David Freydin, P.C. v. Chamara*, 24 F.4th 1122, 1129 (7th Cir. 2022) (citing *Solaia Tech., LLC v. Specialty Publ'g Co.*, 852 N.E. 2d 825, 829 (Ill. 2006). Whether a statement is a non-actionable opinion or an actionable assertion of fact is a question of law that turns on "(1) whether the statement has a precise and readily understood meaning; (2) whether the statement is factually verifiable; and (3) whether the literary or social context signals that the statement has factual content." *Id.* at 1129 (cleaned up). "[I]f it is plain that the speaker is expressing a subjective view, an

8

interpretation, a theory, conjecture, or surmise, rather than claiming to be in possession of objectively verifiable facts, the statement is not actionable." *Id.* at 1129-30 (quoting *Haynes v. Alfred A. Knopf, Inc.*, 8 F.3d 1222, 1227 (7th Cir. 1993)).

Here, the complaint does not explicitly identify any false statements Ms. Rajala allegedly made. Instead, the complaint loosely alleges that Ms. Rajala posted "provably false and defamatory statements" on Facebook, citing Exhibits B and C of the complaint, without specifying which statements in the exhibits are false and defamatory. R. 53 ¶ 46. To the extent the complaint refers to specific statements by Ms. Rajala in the exhibits, it confirms them to be true: Ms. Rajala "met organically . . . in Chicago" and "spent brief periods of time together." *Compare id.* at ¶ 45 *with id.* at 48 (Ex. C at 4). Because the complaint fails to identify the content or the nature of a statement that is alleged to be false, it fails to state a defamation claim. *Cf. Ludlow v. Northwestern Univ.*, 79 F. Supp. 3d 824, 842 (N.D. Ill. 2015) (failure to "identify the content or even the nature of the [alleged false statement]" doomed plaintiff's defamation claim) (citing *Green v. Rogers*, 917 N.E.2d 450, 460 (2009) (Allegations that plaintiff "exhibited a long pattern of misconduct with children" and "abused players, coaches, and umpires" are "summary of the types of statements," not a "precise and particular account of the [allegedly defamatory] statements")).

Furthermore, the remainder of Ms. Rajala's statements are nonactionable opinions. The statements that D'Ambrosio had a "bad side" or was "[v]ery clingy and very fast" are subjective impressions of D'Ambrosio's demeanor, not precise and readily verifiable statements of fact. *See, e.g., Law Offices of David Freydin*, 24 F.4th at 1130 (comments about a "terrible experience" and "awful customer service" were not actionable because they had no "precise and readily understood specific meanings" and could not "be objectively verified as true or false"); *Lifton v.*

9

*Bd. Of Educ of City of Chi.*, 416 F.3d 571, 579 (7th Cir. 2005) (descriptions of plaintiff as "lazy," "unstable," or "doesn't want to work" were nonactionable opinion). Thus, the district court correctly dismissed these claims.

3.  **False Light Invasion of Privacy & Civil Conspirac**y

On appeal, as argued above and in Meta's brief, D'Ambrosio has failed to identify any statements made by Ms. Rajala, and instead relies on a posting made by a non-party to this case. *See* Doc. 19 at 11; Doc. 31 I.C. The Rajala defendants adopt the arguments made by Meta in section I.C of their brief.

D'Ambrosio's false light claim fares no better than the defamation claims, for similar reasons. Under Illinois law, D'Ambrosio must allege that he was placed before the public in a false light that would be highly offensive to a reasonable person and that Ms. Rajala acted with actual malice. *See Pope v. Chron. Pub. Co.*, 95 F.3d 607, 616 (7th Cir. 1996). Further, "when a false light invasion of privacy claim follows an unsuccessful defamation claim, the false light claim must also fail." *Gracia v. SigmaTron Int'l, Inc.*, 986 F.3d 1058, 1062 (7th Cir. 2021). And if the claim is based on statements that are not defamatory per se, a plaintiff must plead special damages. *See Bittman v. Fox*, 107 F. Supp. 3d 896, 904 (N.D. Ill. 2015) (citing *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 924 (7th Cir. 2003)).

Moreover, Ms. Rajala's alleged posts are nonactionable statements of opinion. *See Cf. Ludlow v. Northwestern Univ.* 79 F. Supp. 3d 824, 842 (N.D. Ill. 2015) (failure to "identify the content or even the nature of the [alleged false statement]" doomed plaintiff's defamation claim); *Schiavarelli v. CBS, Inc.*, 333 Ill. App. 3d 755, 764 (1st Dist. 2002) ("As in defamation actions, statements that are expressions of opinion devoid of any factual content are not actionable as false light claims."). So, too, the civil conspiracy claim fails. *See Law Offices of David*

*Freydin*, 24 F.4th at 1133 (civil conspiracy fails if the underlying cause of action fails).

### 4. Doxxing

As the district court correctly held, count four of the complaint fails to allege the necessary elements of a claim under the Doxing Act. D'Ambrosio fails to allege (1) any publication of "personally identifiable information," (2) facts sufficient to show Ms. Rajala's intent, (3) any facts to show that he suffered "emotional distress," a "substantial life disruption," or fear of "serious bodily injury" as defined in the Act. *See* 740 ILCS 195/5, 10. At most, the complaint is an incomplete recital of the statutory language and falls short of stating a plausible claim. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (A complaint must consist of more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]") (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

#### 4.1.     Ms. Rajala did not publish "personally identifiable information."

The Doxing Act defines "personally identifiable information" as (1) information that "can be used to distinguish or trace a person's identity, such as name, prior legal name, alias, mother's maiden name, and date or place of birth" plus (2) "other information that is linked or linkable to a person," such as a person's "social security number, home address, phone number, email address, social media accounts, or biometric data," a person's employment or medical records, "other sensitive or private information that is linked or linkable to a specific identifiable person, such as gender identity, sexual orientation, or any sexually intimate visual depiction," or information providing access to a meeting room online. 740 ILCS 195/5. Further, "the person whose information is published must be identifiable from the published personally identifiable information itself." *Id*., § 10(a)(3).

11

D'Ambrosio's claim fails on both prongs of the definition of "personally identifiable information." The complaint alleges that personally identifiable information posted by Ms. Rajala was limited to D'Ambrosio's first name and photograph, which appears in Exhibit C. *See* R. 53 ¶ 104 & pp. 45-51 (Ex. C). However, a person's first name alone cannot "distinguish or trace" that person's identity. *See* 740 ILCS 195/5. Further, it is unclear whether the complaint alleges that Ms.Rajala posted this much, as her alleged statements appear to merely confirm the information (namely, D'Ambrosio's first name) that had already been divulged by the original post of another. *See* R. 53 ¶ 46 (alleging that Rajala "republished" only a "photograph of his likeness); *Id.* at 45-51 (Ex. C).[2]

Further, the complaint fails to satisfy the second prong of the definition, as the text of the statute shows that a photograph does not qualify as information that is "linked or linkable to a person" in the manner the statute provides. *See* 740 ILCS 195/5. In general, a photograph only comes close to two of the types of information under the second prong: (1) a person's contact information (e.g., home address, phone number, email address,); and (2) sensitive, uniquely identifying personal information (e.g., social security number, biometric data, medical records). *See id.* Of these, only "biometric data" appears to satisfy the statute, but similar Illinois statutes specifically state that a photograph is not a biometric identifier. See 740 ILCS 14/10 (the Biometric Information Privacy Act, providing that "[b]iometric identifiers do not include . . . photographs"); *See DeLuna v. Burciaga*, 857 N.E. 2d 229, 236 (Ill. 2006) ("[i]t is appropriate statutory construction to consider similar and related enactments").

---

[2] Exhibit C's only reference to the plaintiff's first name is the post on page 50 (Ex. C at 6), which appears separate from and later in time to the post attributed to Rajala on pages 46, 48, and 51 (Ex. C at 2, 4, and 7).

**4.2.    The complaint fails to plead Ms. Rajala's intent under the statute.**

The Doxing Act claim also fails because the complaint fails to allege any facts to show that Ms. Rajala posted her statements with the intent to harm or harass the plaintiff and that she knew or should have known that, because of her post, he "would be reasonable likely to suffer death, bodily injury, or stalking." *See* 740 ILCS 195/10(a)(1).

First, it is not enough to satisfy the intent element of the statute with a conclusory allegation that a defendant "published said information with knowledge and/or reckless disregard to the fact that the publishing . . . would cause Plaintiff to be reasonably likely or otherwise have reasonable fear that he is likely to suffer significant injury, including risk of death, bodily injury, or stalking," as D'Ambrosio does here. R. 53 ¶ 105. To plead the requisite intent under the Doxing Act, a plaintiff must not only show knowledge or reckless disregard that the published information would likely cause significant injury. The plaintiff must also show that the information was published with the intent that it be used to "harm or harass" the plaintiff. The complaint does not allege any facts to show Ms. Rajala specifically intended to "harm or harass" D'Ambrosio. Without more, these conclusory allegations fail.

More importantly, the complaint limits the Defendants' intent to "knowledge and/or reckless disregard to the fact that the publishing of defamatory statements accusing someone of horrific crimes such as criminal sexual assault alongside personally identifiable information." R. 53 ¶ 105. But the complaint fails to explain how Ms. Rajala could have this specific intent when the post allegedly accusing D'Ambrosio of a "horrific" crime occurred *after* Ms. Rajala's publication, which contains no such accusations.

In the end, D'Ambrosio cannot plausibly allege that Ms. Rajala's statements showed her "knowledge or reckless disregard that . . . [he] would be reasonably

13

likely to suffer death, bodily injury, or stalking." *See* 740 ILCS 195/10(a)(1). How could the information that D'Ambrosio seemed "very clingy and very fast" or that he texted a profane message to Ms. Rajala make him reasonably likely to suffer "death or bodily injury?" As for "stalking," the Doxing Act defines it by reference to the criminal code, which might appear to expand intent beyond the aim of death or bodily injury. See 740 ILCS 195/5 (defining "stalk" or "stalking" by reference to 720 ILCS 5/12-7.3).

However, the Illinois Supreme Court's limited construction of the stalking statute is the final nail in the coffin for this element of D'Ambrosio's claim. The only part of the stalking statute that might expand intent under the Doxing Act statute beyond "death or bodily injury" is subsection (a)(2), defining stalking as a "course of conduct" that one knows "would cause a reasonable person to . . . suffer other emotional distress." 720 ILCS 5/12-7.3(a)(2). The statute further defines "course of conduct" to mean two or more acts in which a defendant "follows, monitors, observes, surveils, threatens or communicates to or about, a person, engages in other non-consensual contact, or interferes with or damages a person's property or pet." 720 ILCS 5/12-7.3(c)(1). But the Illinois Supreme Court has struck the "communicates to or about" language from this definition (*see People v. Relerford*, 2017 IL 121094, ¶65) and has held that "threatens" in subsection (c)(1) "must be interpreted to refer only to true threats of unlawful violence." *People v. Ashley*, 2020 IL 123989, ¶73. In particular, the Illinois Supreme Court has held that "the portion of subsection (a) of the stalking statute that makes it criminal to negligently 'communicate[] to or about' a person, where the speaker knows or should know the communication would cause a reasonable person to suffer emotional distress, is facially unconstitutional." *Relerford*, 2017 IL 121094, ¶63. This dooms D'Ambrosio's theory as to Ms. Rajala's intent. At most, the complaint frames her intent as

14

negligently communicating about D'Ambrosio in a way that caused him to suffer emotional distress when another person later responded with a link to an unrelated news article. Thus, he cannot plausibly allege that Ms. Rajala had the requisite intent under the Doxing Act, and the claim was properly dismissed by the district court.

### 4.3. D'Ambrosio did not suffer from Ms. Rajala's alleged publication.

Nor can D'Ambrosio support of the causation element of the Doxing Act, section 10(a)(2) by relying on his claim that he suffered "significant emotional distress, disruption to his life, and fear of serious bodily injury" as a "direct and proximate cause" of Ms. Rajala's actions. R. 53 ¶ 106.

First, D'Ambrosio bases his Doxing Act claim on the harm suffered by the "publishing of defamatory statements accusing [him] of horrific crimes such as criminal sexual assault alongside personally identifiable information." R. 53 ¶ 105. As discussed above, Ms. Rajala's alleged publication neither alleged "horrific crimes" nor referenced any posts that did so. Thus, her alleged publication could not plausibly cause the "emotional distress," "substantial life disruption," or fear of serious bodily injury" as alleged in the Doxing Act claim.

Second, even if D'Ambrosio showed a causal link between Ms. Rajala's publication and the harm alleged here, his claims do not come close to meeting the high bar set under the Doxing Act for "emotional distress," "substantial life disruption," or fear of "serious bodily injury." He alleges no "distress . . . so severe that no reasonable man could be expected to endure it" (Honaker v. Smith, 256 F.3d 477, 495 (7th Cir. 2001)), no "material and significant alteration of [his] livelihood" (740 ILCS 195/5), nor any basis for fear of serious bodily injury.

### 5. Unjust enrichment

"Under Illinois law, unjust enrichment is not a separate cause of action." *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 739 (7th Cir. 2019) (citation omitted). Because D'Ambrosio's substantive claims fail, his unjust enrichment claim also fails. *Love*, 2024 WL 809107, at \*16.

## Conclusion

This Court should affirm the district court's judgment dismissing prejudice D'Ambrosio's claims against the Rajala defendants.

s/ Erin L. Sostock

Attorney for the Rajala Defendant-Appellees

Erin L. Sostock
James G. Vanzant
BLAINE & VANZANT, LLP
922 Davis Street
Evanston, Illinois 60201
Tel.: (312) 788-7584
E-mail: els@blainevanzant.com
E-mail: jgv@blainevanzant.com

17

## Certificate of Compliance

The undersigned hereby certifies that this brief complies with the type-volume limitation of Circuit Rule 32.1(c) because it contains 3,699 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii). This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 12-point Century Supra.

s/ Erin L. Sostock
Attorney for the Rajala Defendant-Appellees

Erin L. Sostock
James G. Vanzant
Blaine & Vanzant, LLP
922 Davis Street
Evanston, Illinois 60201
Tel.: (312) 788-7584
E-mail: els@blainevanzant.com
E-mail: jgv@blainevanzant.com

18

## Certificate of Service

The undersigned, counsel for the Rajala Defendant-Appellees, hereby certifies that the foregoing document was filed and served via the Court's ECF notification system to all counsel of record.

s/ Erin L. Sostock
Attorney for the Rajala Defendant-Appellees

Erin L. Sostock
James G. Vanzant
BLAINE & VANZANT, LLP
922 Davis Street
Evanston, Illinois 60201
Tel.: (312) 788-7584
E-mail: els@blainevanzant.com
E-mail: jgv@blainevanzant.com

## Circuit Rule 30(d) Statement

The undersigned hereby certifies that all of the materials required by parts (a) and (b) of Circuit Rule 30 are contained in the following appendix.

s/ Erin L. Sostock<br>
Attorney for the Rajala Defendant-Appellees

Erin L. Sostock
James G. Vanzant
Blaine & Vanzant, LLP
922 Davis Street
Evanston, Illinois 60201
Tel.: (312) 788-7584
E-mail: els@blainevanzant.com
E-mail: jgv@blainevanzant.com

## Short Appendix

The Rajala defendants adopt and incorporate the short appendix attached to the brief filed by appellee Meta. *See* Doc. 31, appendix.

Response Brief of the Rajala Appellees