UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| **Nikko D'Ambrosio**, | Appeal from the<br>U.S. District Court for the<br>Northern District of Illinois |
| Plaintiff-Appellant, | |
| **No. 22-2266** | **No. 1:24-cv-00678** |
| **Abbigail Rajala, Rodney Rajala,** and<br>**Carol Rajala**, | District Judge Sunil R. Harjani |
| Defendants-Appellees. | |

## Statement of Costs and Attorney Fees

Attorney James G. Vanzant, counsel of record for Defendants-Appellees Abbigail Rajala, Rodney Rajala, and Carol Rajala, submits a statement of costs and attorney fees related to this appeal pursuant to the Court's order and opinion [52].

The Court filed its opinion resolving this appeal on May 15, 2026. *See* [52]. Among other things, the Court directed Plaintiff to show cause regarding possible sanctions, including potential costs and attorney fees under Federal Rule of Appellate Procedure 38 and 28 U.S.C. §§ 1912, 1927. *See id.*, at 30–31.

- Rule 38 provides for sanctions for frivolous appeals: "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38.

- Similarly, section 1912 states, "Where a judgment is affirmed by the Supreme Court or a court of appeals, the court in its discretion may adjudge to the prevailing party just damages for his delay, and single or double costs." 28 U.S.C. § 1912.

- Section 1927 states: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so

multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

Attached as exhibits to this statement are the following documents:

1. Draft invoice showing attorney hours and expenses incurred.

2. Receipts for printing briefs and legal research. *See* C.R. 39.

Note that total attorney hours expended in this matter were significantly lower than average due to the presence of multiple defendants-appellees, including Meta and the Spill the Tea defendants, which permitted economy in briefing the appeal. We also assigned most work on this matter to attorneys and staff with lower hourly rates, reducing the overall cost.

Finally, the Court should be aware that we represented the Rajalas in this matter *pro bono* in both the district court and on appeal, to the extent that fact may be relevant to the Court's analysis. *See, e.g., Hairston v. R & R Apartments*, 510 F.2d 1090, 1092 (7th Cir. 1975) ("When free legal services are provided there may be no direct barrier to the courtroom door, but if no fees are awarded, the burden of the costs is placed on the organization providing the services"); *Mays v. Springborn*, 2014 U.S. Dist. LEXIS 199737, at *8–12 (C.D. Ill. Nov. 6, 2014) (discussion).

Respectfully Submitted,

/s/ James G. Vanzant
Attorney for the Rajalas

James G. Vanzant
Erin L. Sostock
BLAINE & VANZANT, LLP

- 3 -

922 Davis Street
Evanston, Illinois 60201
Tel.: (312) 788-7584
E-mail: jgv@blainevanzant.com
E-mail: els@blainevanzant.com