# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

July 21, 2026

*Before*

MICHAEL B. BRENNAN, *Chief Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 25-2231

| | |
|---|---|
| NIKKO D'AMBROSIO, <br>     *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
|     *v.* | |
| | No. 1:24-cv-00678 |
| META PLATFORMS, INC., et al., <br>     *Defendants-Appellees*. | Sunil R. Harjani, <br>     *Judge*. |

# O R D E R

We affirmed dismissal of Nikko D'Ambrosio's lawsuit over unflattering social media posts in *D'Ambrosio v. Meta Platforms Inc.*, 176 F.4th 928 (7th Cir. 2026). In our opinion, we also ordered D'Ambrosio and his attorneys, Aaron Walner and Marc Trent, to show cause why we should not impose sanctions for: (1) pursuing an appeal that was frivolous as to defendants Abbigail, Rodney, and Carol Rajala; (2) filing a brief containing fictious quotations and misstatements of law apparently generated by artificial intelligence and not corrected by counsel; and (3) making baseless factual assertions at oral argument. *Id.* at 946. Having received responses to the show-cause order from D'Ambrosio and Trent, we impose sanctions as set forth in this order.

The fees requested by the Rajalas are reasonable, and plaintiff and his counsel do not argue otherwise. Further, the fact that the Rajalas' attorneys acted in a pro bono capacity provides no basis for reducing the award. The willingness of those attorneys to serve pro bono should not work for the benefit of those who are being sanctioned for misconduct in the litigation. See, e.g., *Cuellar v. Joyce*, 603 F.3d 1142, 1143 (9th Cir. 2010) (awarding fees to pro bono counsel under Hague Convention on Civil Aspects of International Child Abduction); *Torres v. Sachs*, 538 F.2d 10, 12–13 (2d Cir. 1976) (awarding fees to pro bono legal services organization under Voting Rights Act); *Cornella v. Schweiker*, 728 F.2d 978, 986–87 (8th Cir. 1984) (awarding fees to pro bono counsel under Equal Access to Justice Act); *Copeland v. Marshall*, 641 F.2d 880, 900–01 (D.C. Cir. 1980) (en banc) (awarding fees to pro bono counsel under Title VII); *Hairston v. R & R Apartments*, 510 F.2d 1090, 1092–93 (7th Cir. 1975) (ordering fees awarded to pro bono legal services organization under Fair Housing Act); see generally *Blum v. Stenson*, 465 U.S. 886, 895 (1984) ("reasonable fees" in federal civil rights cases are to be calculated according to prevailing market rates in relevant community "regardless of whether plaintiff is represented by private or nonprofit counsel").

Accordingly, we award the Rajalas jointly attorney fees in the requested amount of $6,712.50 and double costs in the amount of $1,285.10, for a total award of $7,997.60, under Federal Rule of Appellate Procedure 38. D'Ambrosio, attorney Walner, and the law firm for which Walner worked, Trent Law Firm P.C., are jointly and severally liable for this award. See *Upchurch v. O'Brien*, 111 F.4th 805, 814 (7th Cir. 2024) (attorney and client jointly and severally liable for sanctions); *Duff v. Central Sleep Diagnostics, LLC*, 801 F.3d 833, 837 (7th Cir. 2015) (imposing sanctions on individual attorney and firm).

Walner did not respond to our show-cause order to dispute that he engaged in conduct unbecoming a member of the bar, to offer factors in mitigation, or to request a hearing on this matter. See *Perez-Castillo v. Blanche*, 177 F.4th 837, 845–48 (7th Cir. 2026). Accordingly, we impose a fine of $5,000 against Walner without further proceedings under Federal Rule of Appellate Procedure 46(c). See *id.* at 847–48 (imposing $5,000 sanction for similar briefing errors and hallucinations but declining to suspend or terminate bar admission).

Given the adequacy of the other sanctions imposed and attorney Trent's last-minute substitute appearance for oral argument, we discharge the portion of the show-cause order concerning Trent's statements at oral argument.

Accordingly, defendants Abbigail Rajala, Rodney Rajala, and Carol Rajala shall jointly recover from defendant Nicco D'Ambrosio, attorney Aaron Walner, and Trent Law Firm, P.C., jointly and severally, the sum of $7,997.60. Attorney Walner shall also pay a fine to the clerk of this court in the sum of $5,000.00.

So ordered.